```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

SALVADOR RIVAS AND ALMA         §
SANTIAGO,                       §
                                §
          Plaintiffs,           §
                                §
VS.                             §     Civ. A. H-14-3246
                                §
U.S. BANK NATIONAL ASSOCIATION  §
AS TRUSTEE FOR MASTR ASSET      §
BACKED SECURITIES TRUST 2007-   §
HE2 and OCWEN LOAN SERVICING,   §
LLC,                            §
                                §
          Defendants.           §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause seeking to enjoin a foreclosure sale, originally filed in the 152nd Judicial District Court in Harris County, Texas, transferred to and removed from the 33rd Judicial District Court in Harris County, Texas on diversity jurisdiction, are Plaintiffs Salvador Rivas and Alma Santiago's objections to the removal and request for hearing (instrument #4) and motion to remand (#5).

Although Plaintiffs' filings lack clarity, it appears that they contest (1) the jurisdictional basis for removal, arguing that they and Defendants are citizens of Texas and therefore not completely diverse; (2) the failure of U.S. Bank and Ocwen Loan Servicing, LLC to join in the notice of removal[1]; and (3) their suit asserts important state legal issues ("Deed of Trust fraud under Texas Property Code 51.903") and no federal

---

[1] "All defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The removal is procedurally defective if such consent is not timely obtained.

questions.  They do not dispute that the required $75,000 amount in controversy has been satisfied.

The last two objections are frivolous:  the notice of removal shows that both Defendants joined in the removal and no federal questions are required for removal on diversity jurisdiction.  The real issue is diversity of citizenship.

### Applicable Law

Under 28 U.S.C. § 1441(a)[2] any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper.

---

[2] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Any doubts are construed against removal because the removal statute is strictly construed in favor of remand.  *Id.*

Under 28 U.S.C. §1332, a defendant may remove a case if there is (1) complete diversity of citizenship and (2) the amount in controversy is greater than $75,000, exclusive of interests and costs.  Under 28 U.S.C. § 1441(b), when original federal jurisdiction is based on diversity, as is claimed by Defendants here, a defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Defendants insist there is complete diversity here.  Both Plaintiffs reside in and are domiciled in Harris County, Texas, as judicially admitted in their pleadings.  #1-1, Ex, A3 (Plaintiffs' Original Petition and Application for Temporary Restraining Order and Temporary Injunction at p. 2).  U.S. Bank is a trustee of a trust.  The citizenship of a trust for purposes of diversity jurisdiction is the citizenship of the trustee(s) when the trustee sues or is sued in its own name, and opposed to a suit by or against the trust entity, and not the citizenship of the

trust beneficiaries.[3]  *Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980).

Moreover, argue Defendants, where the trustee is a national bank, citizenship is determined by the location of the bank's main office as designated in its article of association. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006); 28 U.S.C. § 1348.  U.S. Bank states that it is a national banking association with its main office in Cincinnati, Ohio and it is

---

[3] In *Navarro Savings*, eight trustees sued in their own names, not in the name of the trust.  The Supreme Court examined the role of the trustees and the shareholders with respect to the trust and determined that the trustees had exclusive authority over the trust property; the declaration of the trust "authorized the trustees to take legal title to the trust assets, to invest thsoe assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees."  446 U.S. at 464.  The high court opined, "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage and dispose of assets for the benefits of others," and that the eight trustees had such powers. *Id.*  It held that "trustees who meet this standard [may] sue in their own right, without regard to the citizenship of the trust beneficiaries."  *Id.* at 465-66.
   When the artificial entity, e.g., a trust, sues or is sued in its own name, citizenship for diversity purposes is that of all its beneficiaries.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)(5-4)(Scalia, J.)("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial entity other than a corporation] depends on the citizenship of 'all the members,' . . . 'the several persons composing such association,' . . . 'each of its members.'")(quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889), *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456 (1900), and *United Steelworkers of America v. R.H. Bouligny, Inc.*, 832 U.S. 145, 146 (1965)).  Although the Fifth Circuit has not yet ruled on distinction between the two Supreme Court cases, other Circuit Courts of Appeals have applied it.  *See, e.g., Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1178-81 (10th Cir. 2015); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 703-05 (4th Cir. 2010); *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 199-208 (3d Cir. 2007).
   Here U.S. Bank National Association is sued in its own name as Trustee and *Navarro* applies.

therefore a citizen of Ohio. Defendants attach a copy of the Texas Secretary of State's entity summary for U.S. Bank, identifying U.S. Bank as a "foreign financial institution."  Exh 1 to #7.

Defendants further represent that Ocwen is a limited liability company whose citizenship for diversity purposes is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Ci.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  The only member of Ocwen Loan Servicing LLC is Ocwen Mortgage Servicing, Inc., which is a U.S. Virgin Islands corporation having its principal place of business in the U.S. Virgin Islands, and thus Defendant Ocwen Loan Servicing LLC is a citizen of the U.S. Virgin Islands. The Texas Secretary of State filings identify this Defendant also as a "foreign limited liability company."  #7, Ex. 2.

Accordingly, the Court

ORDERS that Plaintiffs' objections (#4) are OVERRULED and their motion to remand (#5) is DENIED.

**SIGNED** at Houston, Texas, this  9th  day of  June , 2015.

_____
            MELINDA HARMON
        UNITED STATES DISTRICT JUDGE