IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SALVADOR RIVAS and ALMA SANTIAGO, § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-14-3246 |
| § | |
| U.S. BANK NATIONAL ASSOCIATION AS § | |
| TRUSTEE FOR MASTR ASSET BACKED § | |
| SECURITIES TRUST 2007-HE-2 and § | |
| OCWEN LOAN SERVICING, LLC, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION
GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Magistrate Judge upon referral from the District Judge is Defendants' Motion to Dismiss (Document No. 12), in which Defendants argue that Plaintiffs' claims are either barred by res judicata and/or collateral estoppel, or are subject to dismissal pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim. Having considered the motion, Plaintiffs' Response in opposition (Document No. 14), Defendants' Reply (Document No. 19), Plaintiffs' allegations in the state court pleadings, the matters of public record Defendants have submitted with their Motion to Dismiss, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 12) be GRANTED, and that all Plaintiffs' claims be DISMISSED WITH PREJUDICE on res judicata grounds.

I.    **Background and Procedural History**

On October 31, 2014, Plaintiffs Salvador Rivas and Alma Santiago ("Plaintiffs") initiated this suit in the 152nd District Court of Harris County, Texas, Cause No. 2014-64139, complaining

about a scheduled foreclosure on their property, located at 206 Viceroy, Houston, Texas 77034 (hereafter referred to as the "Property"). In their state court petition, Plaintiffs alleged claims based on violations of the Texas Property Code, the Texas Business and Commerce Code, and the Texas Finance Code, and a claim for declaratory judgment. (Document No. 1-1 at pp. 3-10). Defendants timely removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs, in response, filed a Motion to Remand, which was denied by Opinion and Order entered on June 9, 2015. (Document No. 29). Also denied was Plaintiffs' Motion for Default Judgment (Document Nos. 13 & 27).

In their Motion to Dismiss, Defendants maintain that the claims alleged by Plaintiffs in this suit should be dismissed on res judicata/collateral estoppel grounds given the previous state court dismissal, with prejudice, of nearly identical claims. In addition and in the alternative, Defendants maintain that Plaintiffs have failed to state a claim for which relief may be granted, and that their claims should be dismissed pursuant to Rule 12(b)(6). Plaintiffs, in their response to the Motion to Dismiss, do not respond to the res judicata, collateral estoppel, or 12(b)(6) arguments raised by Defendants. Instead, Plaintiffs' entire response (Document No. 14) is dedicated to argument that Defendants have not filed an Answer or otherwise appeared in this case, and that a default judgment should be entered against them. Plaintiffs have also, independent of that response, filed a "Notice of Dismissal" (Document No. 21), which purports to seek dismissal, with prejudice, of both Plaintiffs' claims, and any claims Defendants may have against Plaintiffs relative to the Property. Defendants are opposed to the "dismissal" sought by Plaintiffs, and the parties have been unable to reach an agreement for the agreed dismissal of this case. Defendants' Motion to Dismiss (Document No. 12) is therefore ripe for ruling.

2

## II. Standard of Review – Res Judicata

Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). A claim is barred by res judicata when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* It is generally elements two and four that are disputed when res judicata is raised as a defense to a claim.

In determining whether the parties in both suits are identical or in privity, the court may look to whether there is a pre-existing legal relationship between the parties in the two actions. *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). Pre-existing legal relationships between parties and non-parties that arise, for example, from the preceding and succeeding ownership of property, bailment agreements, or assignments, are sufficient to establish the identity or privity needed for res judicata to apply. *Id.* In addition, the relationship between a mortgage holder, a mortgage servicer, and a mortgage lender's nominee is generally sufficient to establish the privity needed for res judicata. *See Maxwell v. U.S. Bank, N.A.*, 544 Fed. App'x 470, 473 (5th Cir. 2013) (privity existed between lender and MERS, who was acting as nominee for lender's successors and assigns).

In determining whether "the same claim or cause of action was involved in both actions," the court looks to "whether the two actions are based on the 'same nucleus of operative facts.'" *Test Masters*, 428 F.3d at 571. "[I]f the primary right and duty and the delict or wrong are the same in each action, the cause of action is the same." *Hall v. Tower Land & Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975). In addition, regardless of the actual claims raised in an action, "[r]es judicata

extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication . . .'" *Maxwell*, 544 Fed. App'x at 472 (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

### III. Discussion – Res Judicata

Defendants' res judicata argument for dismissal of Plaintiffs' claims in the instant case is based on the prior disposition, with prejudice, of the same and related claims by the 333rd District Court of Harris County, Texas, in *Salvador Rivas and Alma Santiago v. U.S. Bank National Association as Trustee for Mastr Asset-Backed Securities Trust 2007-HE2 and American Mortgage Servicing, Inc.*, Cause No. 2011-50763 (referred to hereafter as "first foreclosure case"). According to Defendants, even though Defendant Ocwen Loan Servicing, LLC is a successor in interest to American Home Mortgage Servicing, Inc., the loan servicer who was a party to the first foreclosure case, all four elements for the application of a res judicata bar are present in this case. Plaintiffs, in response, make no argument that res judicata does not apply. Instead, Plaintiffs argue that "pleadings in this case has [sic] never been answered," and that a default judgment should be entered. Response (Document No. 14) at 1. In addition, Plaintiffs assert a "General Denial to all of Defendants Motion to Dismiss from paragraphs 1-34." *Id.* at 2.

A review of the first foreclosure case and the Fifth Circuit's jurisprudence on res judicata convinces the undersigned that res judicata applies to all the claims and allegations Plaintiffs have made in this case. First, the parties in this case and the first foreclosure case are identical or in privity. U.S Bank National Association as Trustee for Mastr Asset Backed Securities Trust 2007-HE2 was a party to the first foreclosure case and has been named as a defendant in the instant case.

4

In addition, while American Mortgage Servicing, Inc., the loan servicer at the time, was named as a defendant in the first foreclosure case, and Ocwen Loan Servicing, LLC, the current loan servicer, is named as a defendant in this case, there is privity between American Mortgage Servicing, Inc. and Ocwen Loan Servicing, LLC. According to Defendants, and undisputed by Plaintiffs, Ocwen is the successor loan servicer to American Mortgage Servicing, Inc. That successor status establishes the requisite privity. *Samuel v. Federal Home Loan Mortgage Corp.*, 434 S.W.3d 230, 234 (Tex. App. – Houston [1st Dist.] 2014) (privity based on successor or predecessor interest); *Maxwell*, 544 F.App'x at 473 (discussing privity based on successor or predecessor interests).

Second, the judgment of dismissal in the first foreclosure case was rendered by the 33rd District Court of Harris County, Texas, a court of competent jurisdiction.

Third, the first foreclosure case was concluded by a final judgment on the merits. The Order Granting Defendants' Motion to Dismiss in the first foreclosure case states as follows:

> On July 25, 2013, the Court sustained Defendants' Special Exceptions in full – ruling that Movants had not stated one viable cause of action and ordering them to replead by August 16, 2013 or face dismissal with prejudice. Plaintiffs refused to replead.
>
> IT IS THEREFORE ORDERED that the above-referenced suit is dismissed with prejudice to the re-filing of the same.
>
> This is a final and appealable judgment.

Document No. 12 at pp. 119-120. This Order of Dismissal with prejudice is considered, under Texas law, a final judgment on the merits. *Peek v. Berry*, 184 S.W.2d 272, 274 (Tex. 1944) ("Where the trial court sustains exceptions which leaves no cause of action pending, and the plaintiff refuses to amend, a final judgment of dismissal for this reason is res adjudicata of another suit upon the same cause of action. Such a judgment goes to the merits of the petition and is binding on the parties until

reversed, vacated or set aside.") (internal citations omitted).

Fourth and finally, the same claim(s) and/or cause(s) of action are involved in this case and the first foreclosure case. In the first foreclosure case, Plaintiffs alleged that the noticing requirements in the Texas Property Code were not met, that any assignment of the Deed of Trust was ineffectual because it was not recorded, and that Defendants did not have standing to foreclose due to the ineffectual and invalid assignment. (Document No. 12 at pp. 15-44). Plaintiffs alleged claims in the first foreclosure case of "cloud on title," fraud, and violations of the Texas Local Government Code and the Texas Deceptive Trade Practices Act. *Id.* In this case, Plaintiffs allege that "Defendants failed to give proper notice because all transfers of the lien were not recorded timely as required by Texas Law prior to the acceleration and collection action on the Note;" "the mortgagee listed on the above referenced Notice of Foreclosure Sale is not the current Holder in Due Course of the Original Note;""Defendants have failed to produce the Original Note with all allonges, transfers and assignments affixed thereto . . . nor have they shown that they are the 'Holder' of the Note or 'Holder in Due Course,' and have no right to attempt to enforce such Note;" and that "[b]ecause Defendants have provided no evidence that they are in fact Holder in Due Course and Holder of the Note, they have no authority to collect on the Note, " and have asserted claims for violations of the Texas Property Code, Texas Business and Commerce Code and Texas Finance Code, and for declaratory judgment. (Document No. 1-1 at pp. 3-9). While the claims alleged in this case are not supported by the *exact* same allegations as the claims raised by Plaintiffs in the first foreclosure case, all of Plaintiffs claims, in this case and the first foreclosure case, are based on the same underlying allegations – that any assignment of the Note and Deed of Trust was invalid, that Defendants are not the "holders" of the Note or Deed of Trust due to invalid or ineffectual

assignments, and that Defendants have no standing to pursue foreclosure. Thus, each claim alleged and raised by Plaintiffs in this case either was, or could have been, alleged and raised in the first foreclosure case. For purposes of res judicata, the claims and causes of action are therefore the same. *See Samuel*, 434 S.W.3d at 234 (under the transactional approach to res judicata, "we examine the factual bases, not the legal theories, presented in the cases); *Maxwell*, 544 F. App'x at 472 ("Res judicata extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication'") (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)); *Jackson v. Deutsche Bank Trust Co.*, 583 F.App'x 417, 419 (5th Cir. 2014) ("*Res judicata* 'bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those that were actually tried.'") (quoting *Hogue v. Royse City, Texas*, 939 F.2d 1249, 1252 (5th Cir. 1991))..

As each of the required elements for the application of res judicata exists on this record, and as Plaintiffs have not disputed any of the required elements, Defendants are entitled to dismissal, on res judicata grounds, of all the claims alleged by Plaintiffs in this case.

### IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that res judicata bars the claims raised by Plaintiffs in this case, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss (Document No. 12) be GRANTED. and that Plaintiffs claims all be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 23rd day of June, 2015.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE