United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALVADOR RIVAS AND ALMA SANTIAGO, § § § | | |
| Plaintiffs, § § | | |
| VS. § § | Civ. A. H-14-3246 | |
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2007-HE2 AND OCWEN LOAN SERVICING, LLC, § § § § § § | | |
| Defendants. § | | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause seeking to prevent a foreclosure and for declaratory judgment, removed from state court on diversity jurisdiction, are Defendants U.S. Bank National Association as Trustee for Mastr Asset Backed Securities Trust 2007-HE2 ("US Bank") and Ocwen Loan Servicing LLC's ("Ocwen's) motion to dismiss Plaintiffs Salvador Rivas and Alma Santiago's suit based on res judicata and collateral estoppel, or alternatively for failure to state a claim for relief under Rule 12(b)(6) (instrument #12), and United States Magistrate Judge Frances Stacy's memorandum and recommendation that the suit be dismissed with prejudice as barred by res judicata. No objections have been filed to the memorandum and recommendation.

**Standard of Review**

Title 28 U.S.C. § 636(b)(1) provides,

(A) A judge may designate a magistrate judge to hear and
determine any pretrial matter pending before the court,

> except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings including evidentiary hearings, and to submit to a judge of the court proposed findings fo fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Dispositive motions may be referred to the magistrate judge for a memorandum and recommendation under 28 U.S.C. section (b)(1)(B) and Fed. R. Civ. P. 72(b).  When no timely objection to a magistrate judge's memorandum and recommendation is filed by any party, the district court need only satisfy itself that there is no plain error in the magistrate judge's findings of fact and conclusions of law.  *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2008).

    Failure to file timely objections bars a party from attacking factual findings on appeal, and, absent plain error, from attacking conclusions of law on appeal.  *Scott v. J.P. Morgan Chase Bank, N.A.*, 2014 WL 4167980, *1 (S.D. Tex. Aug. 19, 2014), *citing Douglass v. United States Auto. Assoc.*, 79 F.3d 1415, 1429 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. section 636(b)(1)(extending time to file objections from 10 to 14 days).

The district court may review and reconsider any pretrial matter decided by the magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  The reviewing district court may determine that a factual finding is "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed."  *U.S. v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007).  The district court reviews the magistrate judge's legal conclusions *de novo*.  *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996); *Tolan v. Cotton*, H-09-1324, 2015 WL 5332171, at *1 (S.D. Tex. Sept. 14, 2015).  In the "vast area of choice that remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous," the standard of review is abuse of discretion.  *Lahr*, 164 F.R.D. at 208; *Bancroft Life & Cas. ICC, Ltd. v. FFD Resources II, LLC*, 884 F. Supp. 2d 535, 537-38 (S.D. Tex. 2012).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### Court's Findings and Conclusions

The Court has carefully reviewed the briefs and the magistrate judge's memorandum and recommendation and finds no error as to facts and, under *de novo* review, no mistake as to the law.  Accordingly, the Court hereby

ADOPTS the magistrate judge's memorandum and recommendation as

its own and

    ORDERS that Defendants' motion to dismiss is GRANTED on res judicata grounds.

    Final judgment will issue by separate document.

    **SIGNED** at Houston, Texas, this  8th  day of  December , 2015.

                                              _____
                                                   MELINDA HARMON
                                          UNITED STATES DISTRICT JUDGE